UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIAN JOSEPH BOGART,

    Plaintiff,

v.                                                          Case No: 6:12-cv-450-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Unopposed Motion for Attorney's Fees Under 42 U.S.C. § 406(b)(1) (Doc 25). Upon due consideration, I respectfully recommend that the motion be **GRANTED**.

Plaintiff Brian Joseph Bogart applied for supplemental security income, disability insurance, and disability insurance benefits on July 22, 2009 (Doc. 14 at 2). His request was denied by an administrative law judge ("ALJ") and the Appeals Council denied his request for review (Id.). Plaintiff retained the Law Offices of Binder & Binder to bring this action for judicial review of Defendant, the Commissioner of the Social Security Administration's final adverse decision (Doc. 1).

The issues were fully briefed (Docs. 14, 16), and on July 25, 2013, I entered my report and recommendation that the district court reverse and remand the Commissioner's final decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 18). The Court adopted my report and recommendation and on August 27, 2014, the Clerk entered judgment for Plaintiff (Docs. 19-20). The Court

subsequently awarded Plaintiff $5,729.66 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (Docs. 23, 24).

On remand, Plaintiff was awarded years of past due benefits in an amount in excess of $65,000 (Doc. 25-4 at 6). The Commissioner has withheld $16,350 from the award for the payment of Plaintiff's attorney's fees (Doc. 25-4 at 8). Plaintiff's fee agreement provides for attorney's fees in the amount of 25% of any past due benefits awarded, minus EAJA fees awarded (Doc. 25-4 at 2). Now, Plaintiff seeks an award of the $16,350 that has been withheld by the Commissioner. Counsel for Plaintiff represents that it will in turn, refund directly to Plaintiff the $5,729.66 in EAJA fees which counsel have already received (Doc. 25 at 3). The Commissioner does not oppose the motion (Id.).

Pursuant to 42 U.S.C. § 406(b), an attorney who secures a favorable result for the client on remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1)(A). In capping the fee at 25%, "Congress ... sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002). "Within the 25% boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

I find the fee request is reasonable. First, it is consistent with the agreement between Plaintiff and his attorneys. Second, counsel for Plaintiff undertook the representation on a contingent fee basis. Third, Plaintiff's counsel expended at least

- 2 -

31.3 hours of billable time on the federal court case (Doc. 25-4 at 4).[1]  This does not include time spent at the administrative level, before the Appeals Council, or implementing and calculating the amount of benefits due (Id.).

For these reasons, it is **respectfully recommended** that the district court **grant** the motion and:

(1) Approve the payment of § 406(b) fees in the amount of **$16,350** to the law firm of Binder & Binder; and

(2) Order Binder & Binder to promptly pay the sum of **$5,729.66** directly to Plaintiff.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.

If there is no objection to this Report and Recommendation, the parties may file a notice of no objection so as to shorten the time frame for the completion of this part of the case.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 24, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to: Presiding United States District Judge
　　　　　　　　　　Counsel of Record

---

[1] According to the itemization of billable hours submitted to the Court, Mr. Pierre Pierre expended 29.3 hours and Ms. DeVeaux expended 2.0 hours (Doc. 25-4 at 4).  The affirmation states the opposite (Doc. 25-3 at 3).  In any event, a total of 31.3 hours was expended by the attorneys for Plaintiff in the proceeding before this Court.